UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

        - against -

ANDREW RUSSO ET AL.,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

[PROPOSED] STIPULATION AND
PROTECTIVE ORDER

Cr. No. <u>21-466 (ARR)</u>

IT IS HEREBY STIPULATED AND AGREED by and between the above-captioned parties, by and through the undersigned attorneys and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

      1.     The discovery material disclosed pursuant to Rule 16 of the Federal Rules of Criminal Procedure to the defendant and the undersigned defense counsel ("defense counsel") by the government in the above-captioned case, which is specifically identified by the government as material necessitating protection and produced pursuant to this Protective Order (the "Protected Discovery Material"), and any and all copies, notes, transcripts, documents and other information derived or prepared from the Protected Discovery Material, may be used by the defendant, defense counsel and defense staff (as that term is defined in paragraph 2) only for purposes of defending against the charges in the above-captioned case, including but not limited to preparation for trial and any sentencing, appeal or collateral attack involving the charges in the above-captioned case.

      2.     With the exceptions noted in paragraphs 4 and 5, any and all Protected Discovery Material disclosed to the defendant and defense counsel by the government, and

1

any copies, notes, transcripts and documents derived or prepared from the Protected

Discovery Material, shall not be further disclosed or disseminated by the defendant or

defense counsel to, or with, any individuals (including without limitation co-defendants),

organizations or other entities, other than to non-lawyer personnel employed by defense

counsel and subject to defense counsel's supervision, including but not limited to private

investigators, analysts and potential experts ("defense staff"), provided such defense staff

have been provided with a copy of this Protective Order and have signed Attachment A to

this Protective Order, without further order of the Court.

3.      In addition to the restrictions detailed herein relating to the Protected

Discovery Material, any Protected Discovery Material that constitutes evidence, audio

recordings, transcripts, affidavits, documents or other information that discloses identifying

information of any potential witnesses in the above-captioned case (the "Protected Witness

Discovery Material"), and is specifically identified by the government as Protected Witness

Discovery Material, and any and all copies, notes, transcripts, documents and other

information derived or prepared from the Protected Witness Discovery Material (i) may not

be disseminated beyond the defendant, defense counsel and defense staff; (ii) may not be

copied by the defendant, defense counsel and defense staff; and (iii) may not be possessed or

accessed by the defendant except when reviewing the Protected Witness Discovery Material

in the physical presence of defense counsel or defense staff.   To the extent copies are made

and used in preparation, any copy should be treated as an original.

4.      If the government and Defense Counsel do not agree that certain

material should be designated as Protected Witness Discovery Material, the Defendant may

2

provide notice to the government and a reasoned explanation regarding why the Defendant does not believe the materials require treatment as Protected Witness Discovery Material. To the extent the parties do not agree, either party—upon providing notice of the intent to make such an application—may apply to the Court to determine whether the material should be treated as Protected Witness Discovery Material. Nothing in this paragraph shall preclude Defense Counsel, after consultation with the government, from making an application to the Court on an ex parte basis or otherwise in connection with the government's designation. The Defendant shall treat the material as Protected Witness Discovery Material pending any determination by the Court.

   5. Defense counsel may disclose Protected Discovery Material (but not Protected Witness Discovery Material) to or with a person, other than a co-defendant, being contacted or interviewed by defense counsel or defense staff as a potential witness, provided that such potential witness has been provided with a copy of this Protective Order and has signed Attachment A to this Protective Order, without further order of the Court, upon obtaining the signature on Attachment A of the potential witness (and the potential witness's counsel, if Protected Discovery Material is disclosed to such counsel), for retention in defense counsel's files.   Defense counsel may disclose Protected Discovery Material (but not Protected Witness Discovery Material) to or with a co-defendant pursuant to a joint defense agreement, if the co-defendant and his or her counsel have signed Attachment A to this Protective Order or a standalone order entered by the Court containing the identical protections.   Before disclosing Protected Discovery Material to a witness pursuant to this paragraph, defense counsel must redact information of the type identified in Rule 49.1(a) of

the Federal Rules of Criminal Procedure. Defense counsel may play audio files constituting Protected Witness Discovery Material (but not distribute such material) to a potential witness provided that such potential witness has been provided with a copy of this Protective Order and has signed Attachment A to this Protective Order, without further order of the Court, upon obtaining the signature of the potential witness on Attachment A (and the potential witness's counsel, if Protected Witness Discovery Material is played in the presence of such counsel), for retention in defense counsel's files. To the extent defense counsel seeks to play audio files constituting Protected Witness Discovery Material for a potential witness without obtaining the potential witness on Attachment A, defense counsel may make an application to the Court.

6. Any individual to whom disclosure is authorized pursuant to paragraphs 3 or 4 shall be provided a copy of this Protective Order by defense counsel and shall be advised by defense counsel that he or she may not further disclose any portion of the Protected Discovery Material, or any copies, notes, transcripts or documents derived or prepared from the Protected Discovery Material, except in conformity with this Protective Order.

7. Any documents, material, or information may be designated Protected Discovery Material only upon a good-faith belief by the government (or Defense Counsel as it pertains to reciprocal discovery) that such materials contain: identifying information for any potential witness, victim or individual not a party to this litigation; sensitive information of a victim or of a witness; law enforcement sensitive information; information that could implicate the safety of others; information that could impede an ongoing law enforcement

4

investigation; and/or any other information that the government deems in need of heightened protection under this Protective Order.   If the government and Defense Counsel do not agree that certain material should be designated as Protected Discovery Material, the Defendant may provide notice to the government and a reasoned explanation regarding why the Defendant does not believe the materials require treatment as Protected Discovery Material. To the extent the parties do not agree, either party—upon providing notice of the intent to make such an application—may apply to the Court to determine whether the material should be treated as Protected Discovery Material. Nothing in this paragraph shall preclude Defense Counsel, after consultation with the government, from making an application to the Court on an ex parte basis or otherwise in connection with the government's designation. The Defendant shall treat the material as Protected Discovery Material pending any determination by the Court.

8.    In the event the defendant, defense counsel and/or defense staff wishes to disclose any portion of the Protected Discovery Material or any copies, notes, transcripts or documents derived or prepared from the Protected Discovery Material to or with any individual to whom disclosure is not authorized by paragraphs 3 or 4, or for a purpose not contemplated by paragraphs 3 or 4, defense counsel must provide advance notice to the government and make application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument as to the propriety of such disclosure.

9.    In the event the defendant, defense counsel and/or defense staff wishes to attach any portion of the Protected Discovery Material to public filings made with the

Court, defense counsel must provide advance notice to the government and make an application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure.

10. Nothing in this Protective Order releases counsel for the government or defense counsel or defense staff from their obligations to comply with the "Free Press-Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York.

11. Nothing in this Protective Order shall preclude the government from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material. If the defendant obtains additional or substitute counsel beyond those listed in the signature page hereto, the undersigned defense counsel will not transfer any portion of the Protected Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the Protected Discovery Material, unless and until such additional or substitute counsel signs Attachment A of this Protective Order, and is provided a copy of the Protective Order.

12. The defendant and defense counsel will return to the government and/or destroy the Protected Discovery Material and all copies thereof, whether in the possession of the defendant, defense counsel or defense staff, at the conclusion of trial if the defendant is acquitted on all counts, or, in the case of a conviction at trial or by guilty plea, upon completion of sentencing, appeal or collateral attack on the conviction made by the defendant in this case, if any.

13.     Draft transcripts, translations and/or summaries (including, but not limited to, those contained in wiretap line sheets) provided to the defendant by the government, as well as copies, redacted copies and any portions thereof (collectively, "Draft Transcripts"), have neither been finalized nor reviewed for accuracy by the government.

14.     Draft Transcripts may not be furnished to any member of the legal staff of an attorney who has signed this stipulation unless the staff member agrees to be bound by the terms of that Protective Order.

15.     The use of any Draft Transcripts by any defendant is limited to trial preparation for this case, including the preparation of transcripts by the defense.   Draft Transcripts cannot be used in any proceeding by any person, including persons who are not parties to this case, in any form or for any purpose whatsoever, including use in cross-examination of any witness.

16.     All Draft Transcripts, whether in the possession of defense counsel, the defendant and/or defense staff, will be returned to the government when final transcripts are provided by the government or when the jury is sworn in this case, whichever occurs first.

17. Any violation of this Protective Order, as determined by the Court, will require the immediate return to the government of the Protected Discovery Material, the Protected Witness Discovery Material and Draft Transcripts, and all copies thereof, and may also result in a finding of contempt of Court.

Dated: Brooklyn, New York
October 21, 2021

BREON PEACE
United States Attorney
Eastern District of New York

By: _____

James P. McDonald
Devon Lash
Assistant U.S. Attorneys


_____
_____, Esq.
Attorney for Defendant _____

SO ORDERED

/s/(ARR)
_____
THE HONORABLE ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

Attachment A to Protective Order
Regarding Discovery in 21-CR-466 (ARR) (E.D.N.Y.).

| Printed Name | Signature |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

Defendant Joseph Bellantoni

17.     Any violation of this Protective Order, as determined by the Court, will

require the immediate return to the government of the Protected Discovery Material, the

Protected Witness Discovery Material and Draft Transcripts, and all copies thereof, and may

also result in a finding of contempt of Court.

Dated: Brooklyn, New York
_____, 2021

> JACQUELYN M. KASULIS
> United States Attorney
> Eastern District of New York

By:_____

> James P. McDonald
> Devon Lash
> Assistant U.S. Attorneys

_____, Esq.
Attorney for Defendant _Joseph Ballontoni_

SO ORDERED.

_____
THE HONORABLE ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

8



Defendant Benjamin Castellazzo

17. Any violation of this Protective Order, as determined by the Court, will require the immediate return to the government of the Protected Discovery Material, the Protected Witness Discovery Material and Draft Transcripts, and all copies thereof, and may also result in a finding of contempt of Court.

Dated: Brooklyn, New York
_____, 2021

JACQUELYN M. KASULIS
United States Attorney
Eastern District of New York

By:_____

James P. McDonald
Devon Lash
Assistant U.S. Attorneys

_____, Esq.
Attorney for Defendant Benjamin Castellazzo

SO ORDERED.

_____
THE HONORABLE ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

Defendant Thomas Costa

17. Any violation of this Protective Order, as determined by the Court, will require the immediate return to the government of the Protected Discovery Material, the Protected Witness Discovery Material and Draft Transcripts, and all copies thereof, and may also result in a finding of contempt of Court.

Dated: Brooklyn, New York
October 12, 2021

JACQUELYN M. KASULIS
United States Attorney
Eastern District of New York

By:_____
James P. McDonald
Devon Lash
Assistant U.S. Attorneys

_____
Lawrence V. Carra, Esq.
Attorney for Defendant Thomas Costa

SO ORDERED.

_____
THE HONORABLE ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK



Defendant Domenick Ricciardo

17.    Any violation of this Protective Order, as determined by the Court, will require the immediate return to the government of the Protected Discovery Material, the Protected Witness Discovery Material and Draft Transcripts, and all copies thereof, and may also result in a finding of contempt of Court.

Dated: Brooklyn, New York
_____, 2021

JACQUELYN M. KASULIS
United States Attorney
Eastern District of New York

By:_____
James P. McDonald
Devon Lash
Assistant U.S. Attorneys

*Robert Caliendo*
_____
Robert Caliendo          , Esq.
Attorney for Defendant Domenick Ricciardo

SO ORDERED.

_____
THE HONORABLE ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

Defendant Ralph DiMatteo

`

17.     Any violation of this Protective Order, as determined by the Court, will require the immediate return to the government of the Protected Discovery Material, the Protected Witness Discovery Material and Draft Transcripts, and all copies thereof, and may also result in a finding of contempt of Court.

Dated: Brooklyn, New York
         _____, 2021

                                        JACQUELYN M. KASULIS
                                        United States Attorney
                                        Eastern District of New York

                                        By:_____
                                              James P. McDonald
                                              Devon Lash
                                              Assistant U.S. Attorneys

_____, Esq.
GERALD J. McMAHON, Esq.
Attorney for Defendant RALPH DiMATTEO

SO ORDERED.

_____
THE HONORABLE ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

Defendant Richard Ferrara

17. Any violation of this Protective Order, as determined by the Court, will require the immediate return to the government of the Protected Discovery Material, the Protected Witness Discovery Material and Draft Transcripts, and all copies thereof, and may also result in a finding of contempt of Court.

Dated: Brooklyn, New York
_____, 2021

JACQUELYN M. KASULIS
United States Attorney
Eastern District of New York

By:_____
     James P. McDonald
     Devon Lash
     Assistant U.S. Attorneys

_____, Esq.
Attorney for Defendant

SO ORDERED.

_____
THE HONORABLE ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

Defendant John Glover

17.     Any violation of this Protective Order, as determined by the Court, will require the immediate return to the government of the Protected Discovery Material, the Protected Witness Discovery Material and Draft Transcripts, and all copies thereof, and may also result in a finding of contempt of Court.

Dated: Brooklyn, New York
       October     , 2021

JACQUELYN M. KASULIS
United States Attorney
Eastern District of New York

By:_____
       James P. McDonald
       Devon Lash
       Assistant U.S. Attorneys

*John S. Wallenstein*

JOHN S. WALLENSTEIN, Esq.
Attorney for Defendant JOHN GLOVER

SO ORDERED._____
THE HONORABLE ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

Defendant Vincent Martino

17.     Any violation of this Protective Order, as determined by the Court, will require the immediate return to the government of the Protected Discovery Material, the Protected Witness Discovery Material and Draft Transcripts, and all copies thereof, and may also result in a finding of contempt of Court.

Dated: Brooklyn, New York
October 6 , 2021

JACQUELYN M. KASULIS
United States Attorney
Eastern District of New York

By:_____
James P. McDonald
Devon Lash
Assistant U.S. Attorneys

_____
NANCY BARTLING, Esq.
Attorney for Defendant Vincent MARTINO.

SO ORDERED.

_____
THE HONORABLE ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK


Defendant Theodore Persico, Jr.

17. Any violation of this Protective Order, as determined by the Court, will require the immediate return to the government of the Protected Discovery Material, the Protected Witness Discovery Material and Draft Transcripts, and all copies thereof, and may also result in a finding of contempt of Court.

Dated: Brooklyn, New York
_____, 2021

JACQUELYN M. KASULIS
United States Attorney
Eastern District of New York

By:_____
James P. McDonald
Devon Lash
Assistant U.S. Attorneys

_____
Joseph R. Corozzo , Esq.
Attorney for Defendant Theodore Persico

SO ORDERED.

_____
THE HONORABLE ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

Defendant John Ragano

17.     Any violation of this Protective Order, as determined by the Court, will require the immediate return to the government of the Protected Discovery Material, the Protected Witness Discovery Material and Draft Transcripts, and all copies thereof, and may also result in a finding of contempt of Court.

Dated: Brooklyn, New York
_____, 2021

JACQUELYN M. KASULIS
United States Attorney
Eastern District of New York

By:_____
James P. McDonald
Devon Lash
Assistant U.S. Attorneys

/s/ Joel M. Stein
Joel M. Stein_____, Esq.
Attorney for Defendant John Ragano

SO ORDERED.

_____
THE HONORABLE ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

# Defendant Andrew Russo

17.     Any violation of this Protective Order, as determined by the Court, will require the immediate return to the government of the Protected Discovery Material, the Protected Witness Discovery Material and Draft Transcripts, and all copies thereof, and may also result in a finding of contempt of Court.

Dated: Brooklyn, New York
          _____, 2021

JACQUELYN M. KASULIS
United States Attorney
Eastern District of New York

By:_____
          James P. McDonald
          Devon Lash
          Assistant U.S. Attorneys

_____, Esq.
Attorney for Defendant *Rur To*

SO ORDERED.

_____
THE HONORABLE ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

# Defendant Erin Thompkins

17.     Any violation of this Protective Order, as determined by the Court, will require the immediate return to the government of the Protected Discovery Material, the Protected Witness Discovery Material and Draft Transcripts, and all copies thereof, and may also result in a finding of contempt of Court.

Dated: Brooklyn, New York
_____, 2021

JACQUELYN M. KASULIS
United States Attorney
Eastern District of New York

By:_____
James P. McDonald
Devon Lash
Assistant U.S. Attorneys

_____, Esq.
Attorney for Defendant

SO ORDERED.

_____
THE HONORABLE ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

Defendant Michael Uvino

17.     Any violation of this Protective Order, as determined by the Court, will
require the immediate return to the government of the Protected Discovery Material, the
Protected Witness Discovery Material and Draft Transcripts, and all copies thereof, and may
also result in a finding of contempt of Court.

Dated: Brooklyn, New York
     10 / 7     , 2021

                               JACQUELYN M. KASULIS
                               United States Attorney
                               Eastern District of New York


By:_____
                               James P. McDonald
                               Devon Lash
                               Assistant U.S. Attorneys

_____
Thomas M. Branden , Esq.
Attorney for Defendant Michael Urino

SO ORDERED.

_____
THE HONORABLE ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

Defendant Vincent Ricciardo

17.     Any violation of this Protective Order, as determined by the Court, will
require the immediate return to the government of the Protected Discovery Material, the
Protected Witness Discovery Material and Draft Transcripts, and all copies thereof, and may
also result in a finding of contempt of Court.

Dated: Brooklyn, New York
_____, 2021

JACQUELYN M. KASULIS
United States Attorney
Eastern District of New York

By:_____
James P. McDonald
Devon Lash
Assistant U.S. Attorneys

Elizabeth Macedonio

Vincent Ricciard Esq.
Attorney for Defendant _____

SO ORDERED.

_____
THE HONORABLE ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK