UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | **MEMORANDUM & ORDER** |
| v. | 21-CR-00466 (HG) (JRC) |
| DOMENICK RICCIARDO, | |
| Defendant. | |

**HECTOR GONZALEZ**, United States District Judge:

Presently before the Court is the government's letter-motion seeking restitution ("letter-motion") under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. ECF No. 500. The government requests that the Court impose restitution for the benefit of John Doe #1 in the amount of $624,000, to be paid jointly and severally with any co-defendant convicted of extorting John Doe #1. ECF No. 500 at 1. Defendant Domenick Ricciardo opposes the request and asks the Court to "adopt the known loss of $280,890." ECF No. 511 at 1. For the reasons set forth below, the Court grants in part and denies in part the government's letter-motion and will impose restitution in the amount of $280,890, to be paid jointly and severally with any co-defendant convicted of extorting John Doe #1.

The MVRA "requires that restitution be paid to victims for . . . offenses against property and any offense in which an identifiable victim has suffered a pecuniary loss. The purpose of the MVRA is to make victims of crime whole, to fully compensate these victims for their losses and to restore the victims to their original state of wellbeing. Because the statute is intended to be compensatory rather than punitive, only a victim's actual loss may be ordered as restitution, not losses that are hypothetical or speculative." *United States v. Verdugo*, No. 10-cr-277, 2014 WL 22154848, at *1 (E.D.N.Y. May 22, 2014). "The [g]overnment bears the burden of proving a

victim's actual loss by a preponderance of the evidence." *United States v. Bengis*, No. 03-cr-308, 2012 WL 3518477, at *2 (S.D.N.Y. Aug. 16, 2012). However, "[a]ny dispute as to the proper amount or type of restitution shall be resolved by the court." *Id.* "Uncertainties with respect to the amount in question should be resolved in favor of the victim in accord with the statutory focus on making the victim whole." *United States v. Donaghy*, 570 F. Supp 2d 411, 423 (E.D.N.Y. 2008). Nevertheless, "[a]lthough estimates are appropriate, a court must base its restitution award on more than mere speculation about a victim's actual losses." *Id.*

John Doe #1 submitted an affidavit of loss declaring $624,000 in lost income. ECF No. 500-1 (Affidavit of Loss). The government corroborates a portion of that loss through a summary of bank records for an account held by John Doe #1. ECF No. 500 at 2. The records show "consistent $2,600 monthly cash withdrawals from John Doe #1's bank account going back to at least August 17, 2011." *Id.* at 2–3; ECF No. 500-2 (Summary of John Doe #1 Bank Records). "The total verified amount of withdrawals . . . was $280,890." *Id.* The government argues that $280,890 does not represent the full value of John Doe #1's losses and by "[u]sing the $2,600 monthly figure, and multiplying that amount over the period from January 1, 2001[,] to June 2011 (the month before the start of the bank records), the government estimates an additional loss of $327,600." ECF No. 500 at 3. "When combined with the known loss of $280,890, the resulting total loss" according to the government is $608,490, which closely approximates the loss attested to by John Doe #1. *Id.* Defendant Ricciardo contends that without a *Fatico* hearing or a review of John Doe #1's bank records dating back to 2001, it is impossible to determine whether John Doe #1's affidavit of loss is "incorrect, mistaken, or untruthful." ECF No. 511 at 4.

2

      Although a restitution calculation need not be mathematically precise, the Court finds that the approximation of John Doe #1's losses for the period between January 1, 2001, to June 2011, without further support, is too speculative.  However, the Court finds by a preponderance of the evidence (and the parties agree) that John Doe #1 has incurred a "known loss of $280,890." ECF No. 500 at 3; ECF No. 511 at 1.  Accordingly, the Court imposes restitution in the amount of $280,890, to be paid jointly and severally with any co-defendant convicted of extorting John Doe #1.

      An order of restitution will be entered under a separate docket entry.

SO ORDERED.

                                                            */s/ Hector Gonzalez*
                                                            HECTOR GONZALEZ
                                                            United States District Judge

Dated:  Brooklyn, New York
         August 30, 2023